IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| MARILYN TALAVERA, ESPERENZA ROSA,<br><br>**Plaintiffs**,<br><br>v.<br><br>MUNICIPALITY OF SAN SEBASTIAN; ET. AL,<br><br>**Defendants** | CIVIL NO. 09-1942 (FAB) |
|---|---|

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Defendants have filed two motions *in limine* before the Court. On March 2, 2011, defendants filed a motion *in limine* to exclude any physician testimony on the issue of damages. (Docket No. 87). Plaintiffs opposed defendants' motion on August 26, 2011. (Docket No. 100.) On September 6, 2011, defendants filed another motion *in limine* to exclude from plaintiffs' exhibit list the administrative ruling issued after the proceedings held by the Municipality to investigate plaintiff's charges against Randy Rodriguez. (Docket No. 105.) Plaintiffs opposed this motion on the same date. (Docket No. 108.) The Court addresses these motions in turn.

**A.   Motion to Exclude Physician Testimony on Issue of Damages**

Defendants have moved the Court to prohibit plaintiffs' physician witnesses from testifying about the issue of damages during trial. Defendants allege that because the physicians have

Civil No. 09-1942 (FAB)                                                  2

not been qualified as experts, as required under Fed.R.Evid. 702 and Fed.R.Civ.P. 26(a)(2), they should be barred from testifying about plaintiffs' "treatment for their emotional and psychiatric conditions as a result of the sexual harassment suffered at their work." (Docket No. 87 at 1-2.)  Defendants cite to ample legal authority regarding the pre-trial procedures governing expert witnesses.  Defendants also maintain that testimony from these witnesses would cause unfair prejudice to the defendants, in violation of Fed.R.Evid. 403.  Plaintiffs argue, however, that the physicians are being called to testify not as experts, but as fact witnesses regarding their consultation and treatment of plaintiffs. (Docket No. 100 at 2.)  Thus, the primary question before the Court is whether plaintiffs' physicians are to be treated as fact witnesses or expert witnesses.

   Rule 26(a)(2) requires a party to disclose to the other parties the identity of any witness that will be used as an expert and to provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  "Rule 26 uses the term expert 'to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters.'"  Gomez v. Rivera Rodriguez, 344 F.3d 103, 113 (1st Cir. 2003).  As the Gomez court noted, the advisory

Civil No. 09-1942 (FAB)                                                      3

committee's notes to the 1993 amendments to Rule 26 "specifically used the example of a treating physician to illustrate the sort of witness who may have specialized knowledge yet need not be considered an expert," and could thus be called to testify at trial without any requirement for a written report.  Id. (citing Fed.R.Civ.P. 26(a)(2) advisory committee's note.)  Numerous courts have heeded the advisory committee's note and held that "a treating physician, testifying as to his consultation with or treatment of a patient, is not an expert witness for purposes of Rule 26."  Id. (citing NGO v. Stand. Tools & Equip. Co., 197 F.R.D. 263, 266 (D.Md. 2000); Mangla v. Univ. of Rochester, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); Sipes v. United States, 111 F.R.D. 59, 61 (S.D.Cal. 1986)); see also Gonzalez v. Executive Airlines, Inc., 236 F.R.D. 73, 78 (D.P.R. 2006) ("Because treating physicians are generally presented to provide testimony arising from their roles as actors in the events giving rise to the litigation, they are treated as fact witnesses and are not subject to the more stringent requirements that Rule 26 creates for expert witnesses . . . .")

   Plaintiffs seek to proffer testimony of their physicians regarding their care and treatment resulting from the alleged sexual harassment they suffered in the workplace.  To the extent that the physicians' testimonies are "closely constrained to the facts of the treatment administered and discussed in [their] notes at the time of the examination", and they "limit their testimony to

Civil No. 09-1942 (FAB)                                                    4

those opinions they formed and relied on during the course of their examination and/or treatment of the patient", the treating physicians are not bound by the expert report requirements of Rule 26. Gonzalez, 236 F.R.D. at 78-79. Importantly, plaintiffs' physician witnesses will not be providing opinion testimony on matters extending beyond the context of their medical examination of the plaintiffs. The treating physicians will "provide testimony arising from their roles as actors in the events giving rise to the litigation", thus, they will be treated as fact witnesses and will not be subject to the stringent requirements that Rule 26 creates for expert witnesses. Id. at 78.

Defendants also argue that the physicians' testimony would be unfairly prejudicial to defendants in violation of Fed.R.Evid. 403. Specifically, defendants maintain that plaintiffs' failure to provide expert reports has undermined defendants' ability to conduct any discovery "with respect to their opinions or the substance of their testimony as experts." (Docket No. 87 at 4.) As explained above, plaintiffs' physician witnesses will be testifying as fact witnesses, and will not be allowed provide expert testimony because they have not been designated as experts pursuant to Rule 26. Plaintiffs met their initial disclosure requirements under Rule 26(a)(1) to provide the names of individuals "likely to have discoverable information" when they disclosed the names of all three treating physicians in the joint case management memorandum

Civil No. 09-1942 (FAB)                                                  5

filed before the Court on February 2, 2010.  (Docket No. 25 at 34-35.)  Defendants had ample opportunity to take depositions of these witnesses since the time their names were disclosed, over one and a half years ago, but failed to do so.  Defendants' failure to conduct adequate discovery is not appropriate grounds on which to preclude the witnesses' testimony under Rule 403.  Defendants' motion to exclude testimony from plaintiffs' physician witnesses is **DENIED**.

**B.   Motion to Exclude the Administrative Ruling of March 6, 2009**

Defendants move the Court to exclude the administrative ruling of March 6, 2009 from plaintiffs' exhibit list.  In their analysis, defendants liken the administrative ruling in this case to an EEOC resolution, and expound on the inappropriate and unfairly prejudicial nature of the document.  (Docket No. 105 at 3-12.) Plaintiffs respond by arguing that:  (1) the administrative ruling is inapposite to an EEOC probable cause determination; (2) the defendants' motion *in limine* is barred by their use of the Faragher/Ellerth affirmative defense; and (3) that the ruling is admissible as a party admission under Fed.R.Evid. 801(d)(2)(B). (Docket No. 108.)

The Court must first assess the nature of the administrative ruling.  In the Court's opinion denying summary judgment to both parties, the Court made findings of fact with respect to the investigation and the report issued as a result of the

Civil No. 09-1942 (FAB)                                                6

investigation. (Docket No. 99 at 5-6.) Specifically, this Court noted that "[a]fter [plaintiff] Rosa filed her complaint, the Municipality hired RSP & Associates, a third party law firm, to conduct an investigation." Id. In their motion for summary judgment, defendants did not dispute this to be the case. RSP & Associates assigned attorney Rafael Garcia-Ortega ("Garcia") to conduct an investigation and prepare findings, which concluded that "defendant Randy Rodriguez-Cardona incurred into [sic] sexual harassment behavior at work against complainant Esperanza Rosa Jimenez, as defined in Article 4, sub-section 8 of the Municipal Sexual Harassment Regulations for San Sebastian." Id. The administrative ruling further recommended that "the Human Resources Director issue a written admonishment to defendant Randy Rodriguez Cardona . . ." Id. Finally, on April 27, 2009, defendant Vera informed plaintiff Talavera that the written admonishment would become part of Rodriguez's file. Id.

Defendants do not dispute that the Municipality initiated the investigation as part of its protocol to deal with internal harassment complaints, or that they discussed the findings of the investigation and decided to adopt the recommendation to issue a written admonishment to defendant Rodriguez. Thus, defendants' request for the Court to exclude the administrative ruling on the basis that it is similar to an EEOC determination or report lacks an appropriate foundation. Defendants rely heavily on Smith v.

Civil No. 09-1942 (FAB)                                                    7

Massachusetts Institute of Technology in support of their allegation that the Court should exclude the administrative ruling. See 877 F.2d 1106 (1st Cir. 1989).  The Smith opinion essentially stands for the proposition that "the question of admissibility is one for the discretion of the district court." Id. at 1113.  In Smith, the plaintiff filed a charge of age discrimination with the EEOC, the agency began an investigation, and the assigned investigator made three internal reports to his supervisor regarding critical discriminatory practices of the defendant company.  Id. at 1112.  The district court judge excluded the internal investigation reports, and the court of appeals affirmed, finding that the reports in that case were not formal findings by the EEOC, and thus did not fall into the hearsay exception rule of Fed.R.Evid. 803(8)(c),[1] and that the district court did not abuse its discretion in deciding that the reports should not be admissible. Id. at 1112-13.

   At no point did the plaintiff in Smith raise an argument that the reports qualified as adoptive admissions of a party opponent under Rule 801(d)(2)(B), as plaintiffs argue here.  Plaintiffs

---

[1] The relevant part of Fed.R.Evid. 803 reads:  the following is not excluded by the hearsay rule, even though the declarant is available as a witness:

   (8)(C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Civil No. 09-1942 (FAB)                                                        8

maintain that the administrative ruling, prepared by an independent third party at the behest of the Municipality, was adopted by defendants when they followed the recommendation in the ruling to "issue a written admonishment to defendant Randy Rodriguez Cardona." (Docket No. 55-4 at 9.) In support of this proposition, plaintiffs cite to Pilgrim v. Trustees of Tufts College, in which the First Circuit Court of Appeals found that a report generated as a result of an internal grievance procedure initiated by plaintiff was admissible as a hearsay exception under Rule 801(d)(2)(B) where it was undisputed that the defendant had implemented all of the recommendations in the report. 118 F.3d 864, 870 (1st Cir. 1997) (*abrogation recognized on other grounds in* Crowley v. L.L. Bean, Inc., 303 F.3d 387, 406 (1st Cir. 2002)) (an individual's "acceptance of the contents of the Report and his implementation of its recommendations, without disclaimer, served as an adoption of the Report for the purposes of Rule 801(d)(2)(B).") Defendants do not argue that after the administrating ruling was discussed, a written admonishment became part of defendant Rodriguez's file. (Docket No. 99 at 6.) Thus, defendants effectively adopted the administrative ruling, and it constitutes an exception to hearsay.

Finally, defendants argue that the administrative ruling should be excluded at trial because its probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. Defendants again invoke the Smith decision, claiming

Civil No. 09-1942 (FAB)                                                  9
---

that admitting the ruling would "undercut the district court's function as independent fact-finder." 877 F.3d at 1113. The Smith case and the countless others cited by defendant that refer to a court's ruling with respect to EEOC determinations are inapposite. Thus, the Court must independently assess the probative value and the potentially prejudicial effect of the report in this case. The Court finds that the report is probative of the following: a) the Municipality's knowledge of the sexual harassment complaints made by plaintiff Rosa; b) the existence of the Municipality's internal grievance procedure to prevent and deal with sexual harassment complaints; and c) the Municipality's acknowledgment and acceptance of the report's findings, namely, that defendant Rodriguez was to be admonished for his inappropriate behavior with regards to plaintiffs Rosa and Talavera. While the report may be prejudicial to the defendants, it "is the kind of prejudice inherent in *all* relevant evidence." United States v. Dukes, 242 F. App'x 37, 44-45 (4th Cir. 2007) (finding that statements by defendant constituting adoptive admissions under Rule 801(d)(2)(B) were "undoubtedly relevant" to the government's case against defendant and admissible under Rule 403.)

The report in this case is integral to plaintiff's burden of establishing employer liability. Additionally, the report may also be integral to establishing defendants' affirmative defense. Specifically, the report may be used by defendants as evidence of

Civil No. 09-1942 (FAB)                                                  10

the existence of an effective internal sexual harassment policy, in support of an affirmative defense under the Faragher/Ellerth doctrine.  The Faragher/Ellerth defense consists of two elements, which, if proven, allow the employer to avoid liability.  First, the employer must show that it "exercised reasonable care to prevent and promptly correct" the harassment; and second, the employer must show that the employee "unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise."  Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 (1998); see also Faragher v. Boca Raton, 524 U.S. 775, 778 (1998).  The report is undoubtedly relevant to the defendants' claim that they maintained an effective sexual harassment policy, and it is relevant to the plaintiffs' claim that they availed themselves of the proper remedies and that defendant had "actual knowledge" of the harassment.  See Figueroa Garcia v. Lilly Del Caribe, Inc., 490 F.Supp.2d 193, 206 (D.P.R. 2007) ("A plaintiff may prove actual knowledge [of the alleged harassment] with evidence of reports of harassment to management-level employees or someone who has the power to take action to remedy the problem.")  For the reasons stated, the Court finds that the probative value of the report is significant, and is not outweighed by any danger of unfair prejudice to defendants.  Defendants' motion to exclude the administrative ruling is **DENIED**.

Civil No. 09-1942 (FAB)                                                11

## CONCLUSION

For the reasons discussed, the Court **DENIES** defendants' motion to exclude testimony from plaintiffs' physician witnesses and **DENIES** defendants' motion to exclude the administrative ruling of March 6, 2009.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 15, 2011.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE